| | | |
|---|---|---|
| Michael Laurer, Board of Trustees Chairman, and | ) | |
| William Nix, Board of Trustees Secretary, on | ) | |
| behalf of the INDIANA STATE COUNCIL OF | ) | |
| CARPENTERS PENSION FUND, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO. 2:12-cv-511-PPS |
| | ) | |
| WAGONER & SONS CONCRETE, INC. | ) | |
| and TIM R. WAGONER, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Amended Verified Application for Entry of

an Order and Default Judgment against Defendants Wagoner & Sons Concrete, Inc. and Tim R.

Wagoner [DE 12]. For the reasons discussed below, the motion is **GRANTED in part** and

**DENIED in part**.

## BACKGROUND

The Plaintiffs are the Indiana/Kentucky/Ohio Regional Council of Carpenters (the

"Union" ), and several trustee-fiduciaries who are suing on behalf of their respective trust funds

(the "Trustee Plaintiffs") to collect delinquent employment contributions owed by Wagoner &

Sons under a collective bargaining agreement between it and the Union [DE 1]. In Count I, the

Trustee Plaintiffs allege a claim against Wagoner & Sons under Sections 502 and 515 of ERISA.

*See* 29 U.S.C. §§ 1332 and 1145. In Count II, the Union alleges a claim against Wagoner &

Sons under Section 301 of the Labor-Management Relations Act ("LMRA"). *See* 29 U.S.C. §

185.  In Counts III and IV, the Union alleges state law conversion claims against Tim Wagoner personally.

Plaintiffs served the complaint and summons by certified mail on January 10, 2013 [DE 5-6].  Defendants failed to appear, plead, or otherwise defend the lawsuit as required by the Federal Rules of Civil Procedure.  Accordingly, in August 2013, the clerk ordered default under Rule 55(a) [DE 9].  Plaintiffs first moved for default judgment in September 2013 [DE 11].  I believed that Plaintiffs' motion did not adequately address the issue of Tim Wagoner's personal liability under the state law claims, and ordered Plaintiffs to file a memorandum explaining their position [DE 11].  The Plaintiffs responded with the instant amended motion for default judgment [DE 12].  Plaintiffs seek a judgment against Wagoner & Sons for (1) $21,379.09 in delinquent contributions and interest for the period of January 1, 2006 to December 31, 2009; (2) 9,568.47 in delinquent deductions and interest for that same period; (3) $1,181.25 in attorneys' fees, and $350.00 in court costs and (4) statutory post-judgment interest [*Id.*].  Against Tim Wagoner individually, Plaintiffs seek a judgment of $9,568.47 in delinquent deductions and/or treble damages of $28,705.41

## DISCUSSION

Federal Rule of Civil Procedure 55(b) governs the entry of default and default judgments. *Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004).  Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).  *See Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed.R.Civ.P. 55(a).

**I.      Default Judgment Against Wagoner & Sons is Appropriate**

Because the clerk has already entered a default, I may now enter a default judgment

under Rule 55(b)(2).  But I exercise discretion in doing so.  *See O'Brien v. R.J. O'Brien &*

*Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1991).  A default judgment establishes, as a matter

of law, that the defendant is liable to the plaintiffs for each cause of action in the complaint.

*E360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).  Moreover, all well-

pleaded allegations of the complaint will be taken as true. *Id.* at 605.

Courts may consider a number of factors when deciding a motion for default judgment.

These factors include the amount of money potentially involved, whether material issues of fact

or issues of substantial public importance are at issue, whether the default is largely technical,

whether plaintiff has been substantially prejudiced by the delay involved, and whether the

grounds for default are clearly established or are in doubt. 10A C. Wright, A. Miller & M. Kane,

*Federal Practices and Procedure: Civil* §2685 (3d ed. 1998).

In this case, the factors weigh in favor of default judgment against Wagoner & Sons for

Counts I and II.  There are very few material issues of fact and the grounds for default are clearly

established.  There are no issues of substantial public importance here, and the default is not

simply a technicality, as Wagoner & Sons has not pleaded or appeared in this matter since the

lawsuit was filed in December 2012.  Although Plaintiffs seek a large amount of money, the

Defendant's refusal to respond to Plaintiffs' complaint prejudices Plaintiffs by delaying their

receipt of the money at issue.  Thus the Court finds that a weighing of these competing factors

comes out in favor of the Plaintiffs, and default judgment against Wagoner & Sons is

appropriate.

## II. Default Judgment Against Tim Wagoner is Not Proper

A default has also been entered against Tim Wagoner individually [DE 9]. After Plaintiffs' first motion for default judgment, I asked for additional briefing, suspecting there might be issues regarding preemption and corporate officer liability that were not addressed in Plaintiffs' first motion [DE 11]. Plaintiffs ably addressed the issue of ERISA preemption in the amended motion, clarifying that the claims against Tim Wagoner involve delinquent union dues and not ERISA "plan assets." Unfortunately, they did not address LMRA preemption, and that is where their trouble lies.

Section 301 of the Labor Management Relations Act preempts state law claims that require the interpretation of a collective bargaining agreement. *In re Bentz Metal Products Co.*, 253 F.3d 283, 289 (7th Cir. 2001). Although the preemptive effect is broad, "not every dispute concerning employment or tangentially involving a provision of a CBA is preempted by § 301." *Allis-Chalmers v. Lueck*, 471 U.S. 202, 211 (1985). For example, claims that merely require reference to the CBA are not preempted. *In re Bentz*, 253 F.3d at 289. Preemption is triggered, however, when a claim is founded directly on rights created by collective bargaining agreements and when the resolution of a state law claim depends on the meaning of, or requires the interpretation of, a collective bargaining agreement. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (U.S. 1987); *Atchley v. Heritage Cable Vision Associates*, 101 F.3d 495, 499 (7th Cir. 1996). Put another way, a claim is preempted if it is substantially dependent on an analysis of the terms of the CBA. *Atchley*, 101 F.3d at 499.

As it stands right now, I cannot enter a default judgment against Tim Wagoner because, as pled, the Union's claims are preempted by the LMRA. According to the Complaint, the

Union's conversion claims against Wagoner are based exclusively on the CBA between

Wagoner & Sons and the Union. The Union alleges that, as a result of the CBA, Wagoner had a

duty to withhold deductions from employee paychecks and remit those deductions to the Union,

and, by failing to do so, Wagoner converted those funds for his own personal gain. Wagoner

faces liability because he "was responsible for . . . compliance with the obligations and duties set

forth in the collective bargaining agreement" [DE 1 ¶ 7]. As far as I can tell, these conversion

claims are founded directly on the rights created in the CBA. In order to resolve them, I would

have to analyze the CBA and determine what was owed the union and what duties Wagoner &

Sons undertook to perform. This is the reason that conversion claims based on obligations set

out in CBAs are usually preempted by the LMRA. *See Leu v. Norfolk & Western Ry. Co.*, 820

F.2d 825 (7th Cir. 1987) (holding the Railway Labor Act preempted a state law conversion claim

for failure to remit employee benefits); *Shales v. Asphalt Maintenance, Inc.*, No. 03 C 8250,

2004 WL 2191609 (N.D. Ill. Sept. 28, 2004) (holding state law conversion claim for failure to

remit union dues was preempted by § 301); *International Assoc. of Heat & Frost Insulators &*

*Allied Workers Local No. 24 v. Chesapeake Firestop Products, Inc.*, 1376-AW, 2012 WL

3137424 (D. Md. July 31, 2012) (same).

On the other hand, I hesitate to completely dismiss the Union's claims against Wagoner.

Section 301 preemption requires a case-by-case factual analysis. *In re Bentz*, 253 F.3d at 285. It

is difficult to perform that kind of analysis, where, as here, the facts of the case have not been

developed and the issue of preemption has not been briefed. It is possible that an exception to

LMRA preemption applies in this case. *See, for example, Construction & General Laborers'*

*District Council of Chicago and Vicinity v. Roth's Reliable Construction Co.*, No. 03 C 7417,

2004 WL 1470269 (N.D. Ill. June 29, 2004) (holding conversion claim for failing to remit union

dues was not preempted by § 301 when the duty to remit dues was founded in employee wage

assignments, not the CBA). Although, as I noted above, the Complaint suggests the conversion

claims are preempted, I am nevertheless going to give the Plaintiffs an opportunity to make the

case that they aren't before I dismiss Wagoner.

### III.    Damages

Ordinarily, upon considering a motion for default judgment, a court must have a hearing

to determine damages. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722

F.2d 1319, 1323 (7th Cir. 1983). In cases where damages are capable of ascertainment from

definite figures contained in the documentary evidence or in detailed affidavits, however, such a

hearing is unnecessary. *Id.* In this case, I have the necessary information to calculate the

damages without a hearing. The Plaintiffs have attached the affidavits of Irene Newman, Marsha

Baker, and Paul Berkowitz to establish the amount of damages owed by Defendant Wagoner &

Sons. The affidavits are detailed and supported by documentary evidence.

Irene Newman is an employee of Zenith American Solutions of Indianapolis, Indiana, the

depository agent for the Trustee Plaintiffs. Newman attests that Wagoner & Sons owes a total of

$21,379.09 in delinquent contributions, interest, audit fees, and late payment assessments to

Plaintiffs Indiana/Kentucky/Ohio Regional Council of Carpenters Defined Contribution Pension

Trust Fund, Indiana Carpenters Apprenticeship Fund and Journeyman Upgrade Program, and

United Brotherhood of Carpenters Apprenticeship Training Fund of North America for the

period of January 1, 2006 to December 31, 2009 [DE 12-5].

Marsha Baker is a secretary for the Union, who monitors contractors' submission of their

monthly reporting forms and payments owed pursuant to their collective bargaining agreements with the Union. Baker attests that Wagoner & Sons owes $9,568.47 in delinquent payments and interest for the period of January 1, 2006 through December 31, 2009 [DE 12-3].

Finally, under 29 U.S.C. § 1132(g)(2)(D), Plaintiffs are entitled to reasonable attorneys' fees as well as costs of the action to be paid by the Defendant. Plaintiffs have attached the affidavit of attorney Paul Berkowitz [DE 12-4]. Berkowitz attests that Plaintiffs have incurred $1,181.25 and $350.00 in attorneys' fees and costs, respectively, in pursuit of this claim.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Amended Verified Motion for Entry of an Order and Default Judgment [DE 12] is **GRANTED IN PART** and **DENIED IN PART**.

Plaintiffs' motion for Default Judgement against Defendant Wagoner & Sons Concrete, Inc. is **GRANTED**. Wagoner & Sons is **ORDERED** to pay:

(1) $17,790.68 in delinquent contributions, audit fees and interest to Plaintiff Indiana/Kentucky/Ohio Regional Council of Carpenters Welfare Fund for the period January 1, 2006 to December 31, 2009;

(2) $2,212.95 in delinquent contributions, late payment assessments, debit memos, and interest to Plaintiff Indiana/Kentucky/Ohio Regional Council of Carpenters Defined Contribution Pension Trust Fund for the same period;

(3) $1,170.74 in delinquent contributions and interest to Plaintiff Indiana Carpenters Apprenticeship Fund and Journeyman Upgrade Program for the same period;

(4) $204.72 in delinquent contributions to Plaintiff United Brotherhood of Carpenters Apprenticeship Training Fund of North America for the same period;

7

(5) $9,568.47 in delinquent deductions and interest owed to Plaintiff

Indiana/Kentucky/Ohio Regional Council of Carpenters for the same period;

(6) Statutory post-judgment interest at the current legal rate on all monies owed pursuant

to (1)-(5) *supra*; and

(7) $1,181.25 and $350 to Plaintiffs for attorneys' fees and costs, respectively.

Plaintiffs' motion for Default Judgement against Defendant Tim R. Wagoner is

**DENIED**.  Plaintiffs have until **February 28, 2014** to file a memorandum addressing whether

the conversion claims against Wagoner are preempted by the LMRA.

**SO ORDERED**.

ENTERED: January 28, 2014

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT